UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>                  Debtor,<br><br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>ANGELA MIRROW, et al.,<br><br>                  Defendants. | NO:  2:14-CV-268-RMP<br><br>Bankr. Case No. 09-06194-FPC11<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION |

Before the Court is Plaintiff's Motion for Reconsideration and to Amend Order, ECF No. 59.  The Court has considered the record and is fully informed.  The parties and the Court are familiar with the facts of this case, which will not be repeated here.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION ~ 1

Plaintiff filed this motion for hearing with oral argument at the scheduled pretrial conference. However, where oral argument is requested, "the Court may decide that oral argument is not warranted and proceed to determine any motion without oral argument." LR 7.1(h)(3)(B)(iii). Oral argument on this matter is unnecessary.

Plaintiff requests the Court to reconsider its Order Granting in Part and Denying in Part Motion for Summary Judgment, ECF No. 54. Plaintiff brings its motion under Federal Rules of Civil Procedure 59(e) and 60(b). Reconsideration pursuant to Rule 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) permits "reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

Plaintiff requests the Court to amend its prior order regarding three separate issues. The Court considers each issue in turn.

First, Plaintiff asks the Court to state that the jury must decide whether Defendant is entitled to a setoff under RCW 19.40.081. Regarding this issue, Plaintiff disagrees with the Court's discussion of the indirect benefit rule and contends that a jury should be allowed to decide whether Defendant's husband, Alex Mirrow, relinquished any right to use the relevant transfer as a setoff.

In its argument regarding the indirect benefit rule, Plaintiff largely reiterates its contentions from the motion for summary judgment. Plaintiff has provided no basis for the Court to reconsider its understanding of the indirect benefit rule.

Moreover, in the prior order, the Court did not decide whether Alex Mirrow had relinquished any right to apply the transfer as a setoff for amounts that he received from Debtor. Accordingly, it would be inappropriate to decide this issue in response to the present motion for reconsideration.

Second, Plaintiff asks the Court to amend its order to clarify that Alex Mirrow's good faith, which was litigated in a prior action, will not be litigated again in this case. As Defendant recognizes in her response brief, the judgment entered against Alex Mirrow is not subject to challenge in this action against his wife. *See* ECF No. 60 at 5. To the extent that the Court's prior order implied otherwise, the Court now clarifies that Alex Mirrow's good faith already has been determined and is not subject to dispute in this case.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION ~ 3

Third, and finally, Plaintiff asks the Court to limit the scope of argument and evidence that Defendant may present regarding her husband's authority to act as her agent in dealing with Debtor. As the Court explained in its prior order, the existence of agency requires a fact-specific inquiry, and there is "a genuine dispute as to Alex Mirrow's agency for Defendant." ECF No. 54 at 12-13. Plaintiff offers no proper reason for the Court to reconsider its ruling on this matter.

In sum, the Court clarifies that the issue of Alex Mirrow's good faith is not a proper subject of this case but otherwise denies Plaintiff's motion.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and to Amend Order, **ECF No. 59**, is **GRANTED IN PART AND DENIED IN PART**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of April 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge